**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**ANDREA THOMAS,**
                    **Plaintiff**

v.                                                          Civil Action No.
                                                            3:04CV356-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                    **Defendant**

**MEMORANDUM OPINION**

      This case presents plaintiff Andrea Thomas' challenge to the decision of the Commissioner denying her claim to disability insurance benefits and supplemental security income payments. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

      The disability determination process consists of five steps. Wyatt v. Secretary, 974 F.2d 680 (6th Cir. 1992). These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process:

      1. The claimant must not be engaged in substantial gainful activity.

      2. The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. 20 CFR Section 416.921.

      3. If the claimant has a medical condition that meets or exceeds the impairments listed in

1

Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

    4. The claimant must be unable to do his or her past relevant work.

    5. If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs. Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990).

An important principle applicable to this case is that the District Court is forbidden to hear new evidence or to make new findings of fact. Rather, the function of this court is purely appellate, limited to reviewing the record to determine whether (1) the Commissioner has applied the correct legal principles in analyzing the case, and (2) there is substantial evidence to support the decision of the Commissioner. If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Ms. Thomas filed her applications in November of 1997, alleging that she had been unable to engage in any substantial gainful employment since March of 1994. After a hearing,

the Administrative Law Judge ("ALJ") determined that Ms. Thomas suffered from severe impairments, but that they did not prevent her from performing her past relevant work (bookkeeper) during the period March 1994 (her claimed onset date) to August 6, 1999.[1]

Plaintiff has tendered considerable material in connection with a "Motion to Allow Plaintiff Filing of Additional Evidence." As this Court has previously explained to Ms. Thomas, this Court is purely appellate with respect to social security disability claims. As such, this Court is limited to considering the record <u>as it existed before the Administrative Law Judge</u>. The District Court cannot consider evidence that was not presented to the ALJ. If the plaintiff wishes to have additional evidence considered, this can only be done by remanding the matter for further ALJ consideration.

Thus, although plaintiff has not explicitly asked for remand, we must treat her tender of "additional evidence" as a request for remand for consideration of this evidence. A plaintiff seeking remand for consideration of additional evidence bears the burden of showing that remand is proper. <u>Willis v. Secretary</u>, 727 F.2d 551 (6th Cir. 1984). 42 U.S.C. Sec. 405(g) provides that a district court may remand for consideration of additional evidence only upon a showing of new evidence that is material "and that there is good cause for the failure to incorporate such evidence into the record" previously. New evidence must indeed be new; it cannot be cumulative of evidence already in the record. See <u>Robertson v. Shalala</u>, 1996 WL 384542, at *3 (6th Cir. July 8, 1996). Evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." <u>Sullivan v. Finkelstein,</u>

---

[1] A separate application and decision resulted in a finding of disability as of August 7, 1999.

496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). Such evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." <u>Sizemore v. Sec'y of Health & Human Servs.</u>, 865 F.2d 709, 711 (6th Cir.1988).

A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. <u>Willis v. Sec'y of Health & Human Servs.</u>, 727 F.2d 551, 554 (1984) (per curiam). As noted above, the burden of showing that a remand is appropriate is on the claimant. <u>Oliver v. Sec'y of Health & Human Servs.</u>, 804 F.2d 964, 966 (6th Cir.1986).

Thus, to recap, this Court is not permitted to consider the additional evidence tendered. Furthermore, the Court is not permitted to remand the matter to allow administrative consideration of the additional evidence unless the Court concludes that the new evidence "was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991).

Some of the items submitted with plaintiff's motion consists of correction of spelling and other typograhical errors in transcripts. Other items consist of her own "transcripts" of consultant evaluation sessions; she offers these because of her disagreement with the reports filed by the medical professional. Still other items do nothing other than confirm the medications she has testified that she has been prescribed. In short, none of the material is "new" in the sense that it was unavailable to her at the time of the administrative proceeding, nor is it "material" in the sense that it might have changed the outcome of the prior proceeding.

4

Plaintiff contends that the ALJ's hypothetical question did not accurately reflect her limitations. "The ALJ found that Ms. Thomas had the capacity for low stress, light work with minimal public contact, and without close supervision, or repetitive to constant use of the upper right extremity." Tr. 27. The questions to the vocational expert incorporated exactly these limitations. Tr. 177-178. Given that the ALJ's question reflected the limitations he found to exist, the actual inquiry here is whether substantial evidence supports the ALJ's determination regarding Ms. Thomas's limitations.

The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986). Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not decide questions of credibility. See Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984).

On April 6, 1998, Dr. Mehalik (associate of treating physician Dr. Patel) recorded, "This patient is well known to this clinic" because she had been seen multiple times because of her complaints of pain in her right shoulder. Dr. Mehalik's examination revealed no atrophy, a full range of motion, no reduction in strength, no muscle wasting, and he concluded that any tendonitis in the right shoulder was resolving. He observed a positive Phalen's sign (suggestive of carpal tunnel syndrome) as well as a positive Tinel's sign (suggesting a favorable prognosis). He diagnosed right carpal tunnel syndrome and possible ulnar nerve entrapment. Tr. 264. Subsequent electroneuromyography, however, ruled out carpal tunnel syndrome and entrapment of the ulnar nerve. Tr. 281. On March 16, 1998, plaintiff's treating physician, Dr. Patel, stated

5

unequivocally that surgery was "definitely" not indicated, and further opined, "I do not feel that she is medically disabled from gainful employment." Tr. 266. Thus, there is substantial evidence – in terms of objective testing, clinical observation, and treating physician opinion – to support the level of upper right extremity limitation found by the ALJ.

With regard to mental limitations, the record includes three mental health expert evaluations, but two of these significantly post-date the period of inquiry here. The only evaluation relevant to the inquiry here is dated June of 1999. Dr. Herner observed that scores similar to those achieved by Ms. Thomas on the relevant psychological instruments indicate that physical complaints often represent psychological conflicts. Dr. Herner recounted the long list of physical complaints provided by Ms. Thomas and stated, "Her symptoms do suggest a somatoform disorder, although a medical explanation should be first obtained." Tr. 409. As noted by the ALJ, the record does not indicate medical support for most of the physical complaints listed by Ms. Thomas. Significantly, Dr. Herner opined that Ms. Thomas's current level of functioning was 65,[2] that she was capable of following directions and interacting with others well, and while her insight was poor, her judgment is "likely sound." Tr. 409-410. Dr. Herner believed that while Ms. Thomas's ability to work independently and to follow simple instructions was very good, her ability to follow complex instructions and her ability to maintain

---

[2] According to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV"), Axis V's "Global Assessment of Functioning" scale considers "psychological, social, and occupational functioning on a hypothetical continuumof mental health-illness." DSM-IV at 32. The range 61-70 indicates "some mild symptoms (eg depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (eg occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships."

attention or concentration was merely fair, due to her somatic complaints.

      This is the only evidence regarding mental impairment. The ALJ noted that Ms. Thomas had never sought treatment for any mental impairment. Thus, as the only evidence on this topic is fully consistent with the limitations found by the ALJ, it is plain that substantial evidence supports those findings.

      As the Court finds no legal error in the formulation of hypothetical vocational questions, and as substantial evidence supports the findings of the ALJ, the decision of the Commissioner will be affirmed.